# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-2705

_____

| | | |
|---|---|---|
| In re: SDDS, Inc., a South Dakota, Corporation, | * | Petition for Writ of Mandamus |
| | * | |
| | * | |
| Petitioner. | * | |

_____

Nos. 98-3588/99-1034/99-1035

_____

| | | |
|---|---|---|
| SDDS, Inc., | * | |
| | * | |
| Appellee/Cross-appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| State of South Dakota, | * | |
| | * | |
| Appellant/Cross-appellee. | * | |
| | * | Appeals and Cross-Appeal from the |
| Mark W. Barnett, Attorney General of | * | United States District Court |
| the State of South Dakota; Joyce | * | for the District of South Dakota |
| Hazeltine, Secretary of State of South | * | |
| Dakota; George S. Mickelson, | * | |
| Governor of the State of South Dakota, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| Action for the Environment, | * | |
| | * | |
| Intervenor Defendant. | * | |

_____

Submitted:  May 8, 2000

Filed:  September 15, 2000
_____

Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.
_____

McMILLIAN, Circuit Judge.

This matter began in 1991 with a complaint filed in the United States District Court for the District of South Dakota by SDDS, Inc. (SDDS), against the State of South Dakota (the State), seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. Since then, the case has come before this court on three separate occasions, see SDDS, Inc. v. State of South Dakota, 994 F.2d 486 (8th Cir. 1993) (SDDS III); id., 47 F.3d 263 (8th Cir. 1995) (SDDS VI); id., 97 F.3d 1030 (8th Cir. 1996) (SDDS VIII), and related litigation has been ongoing in the South Dakota state courts. Now, on this fourth visit to the Eighth Circuit, the parties present us with the following: (1) an appeal by the State from the district court order denying the State's motion pursuant to Fed. R. Civ. P. 60(b) to set aside prior federal court judgments; (2) an appeal by the State and cross-appeal by SDDS from an order of the district court awarding SDDS attorneys' fees and costs; and (3) a petition to recall, clarify, and supplement the mandate issued pursuant to our decision in SDDS VIII. For reasons stated below, we affirm the orders of the district court,[1] and we deny SDDS's petition to recall the mandate.

_____

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

The background facts have been stated in our prior opinions. See SDDS VIII, 97 F.3d at 1032-34. Briefly summarized, this litigation arises out of an unsuccessful effort by SDDS to construct and operate a multistate solid waste disposal (MSWD) facility near Edgemont, South Dakota. Opposition to the MSWD facility prompted, among other things, two ballot initiatives. The second ballot initiative, or referendum, effectively ended SDDS's plan to develop the MSWD facility. See id. at 1033 ("The electorate vetoed the MSWD facility, which 'shut down' SDDS's MSWD site."). SDDS brought the present § 1983 action against the State and numerous state officials (collectively the defendants) in federal district court alleging that the second ballot initiative violated the dormant commerce clause. SDDS also filed an action against the defendants in South Dakota state court to recover just compensation for an alleged de facto "taking," or inverse condemnation, of its property by way of the referendum.

For nearly ten years, the two cases – one in federal court, the other in state court – followed long, convoluted, and intertwined procedural journeys. Along the way, we twice reversed summary judgment dispositions by the district court in favor of the defendants. See SDDS III, 994 F.2d at 494; SDDS VI, 47 F.3d at 272. Consistent with our decision in SDDS VI, the district court, on April 24, 1995, entered judgment in favor of SDDS and against the defendants, declaring that the second ballot initiative violated the dormant commerce clause and assessing costs to the defendants. In SDDS VIII, 97 F.3d at 1041-42, we instructed the district court to enter an order enjoining the defendants from relitigating certain specified issues in the state court proceedings. After the mandate for SDDS VIII issued on November 15, 1996, the district court issued the required injunction on December 12, 1996. The South Dakota Supreme Court held that the state courts were bound by the district court's order granting the defendants injunctive relief, notwithstanding its disagreement with that order on the merits, and, on May 18, 1998, the United States Supreme Court denied the defendants' resulting petition for a writ of certiorari. See SDDS, Inc. v. State, 569 N.W.2d 289, 293-95 & n.9 (S.D. 1997) (SDDS IX), cert. denied, 523 U.S. 1118 (1998) (SDDS X).

-3-

On June 9, 1998, the State moved pursuant to Fed. R. Civ. P. 60(b)(4) to set aside the district court's judgments of April 24, 1995, and December 12, 1996, on the ground that those prior final decisions were void because they were entered in violation of the Eleventh Amendment. On August 24, 1998, the district court denied the State's Fed. R. Civ. P. 60(b) motion. See SDDS v. State of South Dakota, No. CIV. 91-5121 (D.S.D. Aug. 24, 1998). SDDS then moved in the district court for attorneys' fees and costs incurred in opposing the State's Fed. R. Civ. P. 60(b) motion, and the State opposed SDDS's request. On November 6, 1998, the district court awarded SDDS attorneys' fees and costs, but not the full amount of attorneys' fees requested. See SDDS v. State of South Dakota, No. CIV. 91-5121 (Nov. 6, 1998).

Appeal No. 98-3588

The State appeals from the district court's order of August 24, 1998, denying the State's Fed. R. Civ. P. 60(b) motion. Upon careful review, we hold that the district court did not err in denying the State relief pursuant to Fed. R. Civ. P. 60(b)(4) because the State did not seek review, by petition for writ of certiorari, of either SDDS VI or SDDS VIII and instead has attempted to collaterally attack those final decisions by way of a Rule 60(b) motion in the district court. Just as a Rule 60(b) motion cannot be used to relitigate the merits of a district court's prior judgment in lieu of a timely appeal, nor can it be used to collaterally attack a final court of appeals' ruling in lieu of a proper petition for review in the United States Supreme Court. Cf. Kocher v. Dow Chemical Co., 132 F.3d 1225, 1229 (8th Cir. 1997) ("A party may not use a Rule 60(b)(4) motion as a substitute for a timely appeal. In other words, if a party fails to appeal an adverse judgment and then files a Rule 60(b)(4) motion after the time permitted for an ordinary appeal has expired, the motion will not succeed merely because the same argument would have succeeded on appeal."). Moreover, while the Eleventh Amendment provides the State with a defense, it does not automatically deprive the federal courts of original jurisdiction. See Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 389 (1998) ("The Eleventh Amendment . . . does not automatically destroy original

-4-

jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so. The State can waive the defense."). As in the present case, "[a] state may . . . waive its Eleventh Amendment immunity through its conduct. Courts have inferred a waiver when the State has made a general appearance in federal court and defended a lawsuit on the merits." Hankins v. Finnel, 964 F.2d 853, 856 (8th Cir.) (citations omitted), cert. denied, 506 U.S. 1013 (1992). In the present case, the State for many years actively and vigorously litigated the merits of SDDS's claims in federal court, never once raising an Eleventh Amendment immunity defense until after the mandates had been issued and our decisions in SDDS VI and SDDS VIII were final. In light of the State's conduct, it would appear that the State has waived any sovereign immunity defense it may have had to the claims addressed in SDDS VI and SDDS VIII. The district court's order of August 24, 1998, is affirmed.

Cross-appeals Nos. 99-1034/1035

The State also appeals the district court's November 6, 1998, award of attorneys' fees and costs, again relying on the argument that the underlying judgments were void on Eleventh Amendment grounds. SDDS cross-appeals, arguing that the district court abused its discretion in failing to award the full amount of attorneys' fees requested.

Upon review, we note that the State's appeal from the award of attorneys' fees and costs assumes success on its appeal from the district court's August 24, 1998, decision, involving the merits of the State's belated Eleventh Amendment defense. Having affirmed the August 24, 1998, order, we find no basis for reversing the district court's decision to award SDDS attorneys' fees and costs. (It would, of course, defy logic to permit the State to invoke its Eleventh Amendment argument to now preclude SDDS from recovering attorneys' fees and costs which were incurred in defeating that very argument.)

-5-

Furthermore, on careful review of the district court's determination of SDDS's reasonable attorneys' fees, we hold that the district court did not abuse its discretion in declining to award SDDS's entire request. The district court's order of November 6, 1998, is affirmed.

Petition to recall the mandate

In the spring of 1999, the inverse condemnation case in South Dakota state court proceeded to trial before a jury on the issue of SDDS's damages. On April 6, 1999, the jury found that SDDS's damages amounted to $10.1 million. The State moved for judgment notwithstanding the verdict (JNOV) or a new trial, and, on January 6, 2000, the state trial court held a hearing on the motion. Ruling from the bench, the state trial court denied the State's motion for JNOV but granted a new trial on the basis of instructional error. Thereafter, on February 23, 2000, SDDS challenged that ruling by filing a petition in this court requesting that we recall, clarify, and supplement our mandate in SDDS VIII. In essence, SDDS argues that the state trial court has misconstrued the federal injunction, and we should therefore reopen and revise our earlier decision in order to compel a different ruling by the state court. SDDS describes the relief it seeks as follows: "This would necessarily consist [of] an additional direction to the district court to enjoin the Defendants *and the state trial court* from relitigating any of those issues expressly and by necessary implication decided by this Court in SDDS VI or SDDS VIII." SDDS's Petition to Recall, Clarify and Supplement Mandate at 12 (emphasis added). In SDDS VIII, we directed the district court to enjoin *the defendants*, not the state courts, from relitigating certain issues. The district court complied with our directions, and the South Dakota Supreme Court ruled that the district court's order is binding upon the state courts. We do not, however, sit as a court of appeals over the South Dakota courts. We have neither the power nor the inclination to provide the extraordinary relief SDDS requests. The petition to recall the mandate is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.