# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2728
_____

Terry Skelton,                                    *
                                                  *
                    Appellant,                    *
                                                  *
        v.                                        *
                                                  *
Michael Henry; William R. Rapps,                  *
                                                  *
                    Appellees.                    *

                                                      Appeals from the United States
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _              District Court for the
                                                      Western District of Missouri.

William R. Rapps; Michael Henry;                  *
Missouri Division of Child Support                *
Enforcement                                       *
                                                  *
            Cross Claimants                       *
                                                  *
        v.                                        *
                                                  *
Terry Skelton                                     *
                                                  *
            Counter Defendant                     *

_____

No. 03-2751

_____

Glenda Jackson, Individually;      *
Terry Skelton,                      *
                                    *
            Appellants,             *
                                    *
     v.                             *
                                    *
William R. Rapps, Individually;     *
Michael R. Henry; Bill Larue,       *
                                    *
            Appellees.              *


_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

William R. Rapps; Michael Henry;    *
Bill Larue                          *
                                    *
        Third Party Plaintiffs      *
                                    *
     v.                             *
                                    *
United States of America; Health &  *
Human Services; Tommy G.            *
Thompson, Secretary of the United   *
States Department of Health and     *
Human Services,                     *
                                    *
        Third Party Defendants      *

_____

Submitted:  September 16, 2004
Filed:  November 30, 2004
_____

Before COLLOTON, HEANEY, and HANSEN,  Circuit Judges.
_____

HEANEY, Circuit Judge.

These consolidated cases challenge Missouri's practice of calculating debt owed by non-custodial parents in a manner inconsistent with federal regulations. The plaintiffs requested refunds of money collected pursuant to the improper scheme. The district court[1] granted summary judgment in favor of the state defendants, holding that the claim for retroactive refunds was barred by the Eleventh Amendment and that, with respect to the named plaintiffs, dismissal was appropriate because of a failure to prosecute.  The plaintiffs appeal, and we affirm.

## BACKGROUND

Glenda Jackson, individually and on behalf of a class, and Terry Skelton individually, challenged the state of Missouri's method of calculating non-custodial parents' obligation to reimburse the state for payments made to custodial spouses under the Aid to Families with Dependant Children (AFDC) program.  These cases have been consolidated for appeal.  In August 1990, the district court held that Missouri's calculation of this "state debt" was contrary to the applicable provisions of the Social Security Act and federal implementing regulations.  The court granted class certification to the plaintiffs, declared all administrative judgments fixing such

_____

[1] The Honorable Scott O. Wright, United States District Court for the Western District of Missouri.

debt null and void, and enjoined the defendants from further debt collection pursuant to this scheme. The Eighth Circuit affirmed this order in Jackson v. Rapps, 947 F.2d 332 (8th Cir. 1991). The parties then entered into negotiations to fix the amount of refunds due to the plaintiffs.

Missouri continued to collect state debt in violation of the court's injunction after the August 1990 order. Collections made after 1990 have since been returned to the plaintiffs, or redistributed to custodial parents. In all, since the 1990 order, the state collected $1,057,079. A total of $884,600 was refunded to class members and the remaining $172,474[2] was paid to custodial parents as back child support.

On February 3, 1994, the plaintiffs filed an amended complaint, requesting refunds of all state debt collected prior to 1990. The defendants raised an Eleventh Amendment immunity defense in their answer to the amended complaint, and included a counterclaim for a set-off if refunds were awarded to the plaintiffs. The defendants also filed a third party claim against the United States for contribution if refunds were awarded to the plaintiffs.

In June of 1998, the district court granted the defendants' motion for dismissal based on failure to prosecute. This court reversed and directed the plaintiffs to promptly file a motion for summary judgment or other dispositive motion to place all disputed issues before the district court. Skelton v. Rapps, 187 F.3d 902 (8th Cir. 1999). No dispositive motion was filed until June 20, 2002, when the plaintiffs filed a motion for partial summary judgment on the issue of Eleventh Amendment immunity. The defendants filed a cross-motion for summary judgment on September 25, 2002.

---

[2] We note the five dollar discrepancy in these figures, less than 0.0005% of the total collected.

The district court granted summary judgment to the defendants in <u>Jackson</u> and dismissed Skelton's individual case for failure to prosecute. The district court held that the Eleventh Amendment barred the refund of state debt collected before 1990, and that the state had shown that all state debt collected after 1990 had been returned to the plaintiffs or applied to legitimate debts. The issues on appeal are: (1) whether the retroactive relief sought by the plaintiffs is barred by the Eleventh Amendment; (2) whether the district court properly granted summary judgment on the remaining issues in the Jackson case; and (3) whether the court abused its discretion by dismissing the Skelton case.

## ANALYSIS

We review the district court's Eleventh Amendment decision de novo. <u>Union Elec. Co. v. Mo. Dep't of Conservation</u>, 366 F.3d 655, 657 (8th Cir. 2004); <u>Santee Sioux Tribe v. Nebraska</u>, 121 F.3d 427, 430 (8th Cir. 1997).

The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States" by citizens of another State. U.S. Const. amend. XI. It has been interpreted to provide a state with immunity from suit in federal court by citizens of other states and by its own citizens. <u>Hans v. Louisiana</u>, 134 U.S. 1, 10 (1890). State immunity under the Eleventh Amendment does not apply to awards for prospective relief, <u>Ex Parte Young</u>, 209 U.S. 123 (1908), but does bar the award of any retroactive relief for violations of federal law that would require payment of funds from a state treasury. <u>See</u> <u>Edelman v. Jordan</u>, 415 U.S. 651, 677 (1974). In their amended complaint, the plaintiffs sought refunds of monies collected by the

state in violation of federal law from 1984 to 1990. The plaintiffs do not contend that their request is not subject to immunity,[3] but claim that the state waived its immunity.

A state may waive its immunity from suit in federal court by voluntarily submitting its rights for judicial determination. Lapides v. Bd. of Regents, 535 U.S. 613, 618-19 (2002). Waiver in litigation prevents states from selectively invoking immunity to achieve litigation advantages. Id. at 620. We focus on whether the state's action in litigation clearly invokes the jurisdiction of the federal court, not on the intention of the state to waive immunity. Id.

A state voluntarily invokes the federal court's jurisdiction by filing suit in a federal court or agreeing as a defendant to remove the case to federal court. Id. This court has held that a state waives immunity by defending a case on the merits through final judgment and numerous appeals without raising an Eleventh Amendment defense. In re SSDS, Inc., 225 F.3d 970, 973 (8th Cir. 2000).

The claim for retroactive relief was first raised in the plaintiffs' amended complaint. The defendants raised the immunity issue in their response to the amended complaint. The plaintiffs suggest that Missouri voluntarily invoked the jurisdiction of the court by filing a counterclaim and third party complaint in the same response, citing Hankins v. Finnell, 964 F.2d 853 (8th Cir. 1992). Hankins, however, held more narrowly that the state, by agreeing to indemnify state employees and pay a judgment on their behalf, waived its immunity with regard to the judgment. Id. at 858; accord Union Elec. Co. v. Mo. Dep't of Conservation, 366 F.3d 655, 659 (8th Cir. 2004) (recognizing the waiver in Hankins was based on the state's payment of judgment, and not on the state's appearance in the federal court). We conclude that

---

[3]We would reject this argument if it were raised. The relief the plaintiffs seek, for past violations of federal regulations, would be paid out of the Missouri treasury and falls squarely within the bar of the Eleventh Amendment. Edelman v. Jordan, 415 U.S. 651, 677 (1974).

a counterclaim and third party complaint are not sufficient to waive a claim of Eleventh Amendment immunity asserted in the very same document. A state is not required to give up other valid defenses in order to preserve its immunity defense.

We conclude that Missouri did not place itself in the federal forum. The state did not voluntarily invoke the jurisdiction of the federal courts by filing a counterclaim and third party claim. Missouri raised its Eleventh Amendment defense promptly in its answer to the plaintiffs' amended complaint and did not waive its immunity. We thus affirm the district court's decision that the Eleventh Amendment barred recovery of past payments to the state.

We next turn to the district court's grant of summary judgment with regard to the collection of monies after the district court issued its injunction. We review the district court's grant of summary judgment de novo. Turney v. Waterbury, 375 F.3d 756, 759 (8th Cir. 2004). Summary judgment is appropriate if the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The parties do not dispute that the state continued to collect monies in violation of the district court's injunction. The state has shown that collections made after August 1990 have been refunded to the class, or applied to other debts of the plaintiffs. The plaintiffs are not entitled to interest under Missouri law unless there is specific statutory authority for such payment. Int'l Bus. Mach. Corp. v. State Tax Comm'n, 362 S.W.2d 635, 641 (Mo. 1962); Simmons Hardware Co. v. City of St. Louis, 192 S.W. 394, 398-99 (Mo. 1916). No Missouri statute authorizes payment of interest in this case.

The plaintiffs' claim to interest under the Fifth Amendment is similarly unavailing. The state's withholding of "state debt" here was neither a confiscation of property, see United States v. Sperry Corp., 493 U.S. 52, 62 n.9 (1989), nor a

regulatory taking, <u>United States Shoe Corp. v. United States</u>, 296 F.3d 1378, 1383 (Fed. Cir. 2002). A reasonable fee imposed "for the reimbursement of the cost of government services" is not a taking. <u>Sperry Corp.</u>, 493 U.S. at 63. Missouri's state debt collection statute was specifically intended to help recover the cost of providing services under the AFDC program. This scheme, while contrary to federal guidelines, did not rise to the level of a taking.

While the plaintiffs question the accuracy of the defendant's figures regarding collection and repayment, there is no record evidence suggesting that the plaintiffs have not been fully compensated. The plaintiffs have not developed their claims for individual relief. The only measure of damages discussed is the amount collected by the state. Because Missouri refunded "state debt" collected after August of 1990, and the plaintiffs are not entitled to interest under Missouri law, we affirm the district court's grant of summary judgment in Jackson.

The district court sua sponte dismissed Skelton's individual claim after granting the state's summary judgment motion in the class action, <u>Jackson</u>. Because no summary judgment motion was made in this case, dismissal is based on failure to prosecute. We review the district court's dismissal for abuse of discretion, recognizing that this is an "extremely harsh sanction," justified only where there has been a "clear record of delay" by the plaintiff. <u>Skelton v. Rapps</u>, 187 F.3d 902, 908 (8th Cir. 1999)(citations and internal quotation marks omitted).

In 1999, this court held that while these cases "have lingered too long on the district court's docket" the delay was not caused by the plaintiffs alone. <u>Id.</u> This court clearly directed on remand "in the event the plaintiffs wish to continue to prosecute this action, they shall promptly file a motion for partial summary judgment or other dispositive motion or motions in order to place before the district court all disputed issues." <u>Id.</u> Since this court issued its 1999 reversal, Skelton has not filed any dispositive motion to resolve the case. The district court addressed the measure

of damages in the grant of summary judgment in <u>Jackson</u>. The parties have not developed any claim for damages above the amounts collected as state debt. In light of our disposition of the <u>Jackson</u> case, we find no abuse of discretion by the district court in dismissing Skelton's individual claim for failure to prosecute.

For the reasons set forth above, we affirm the judgment of the district court.

_____