# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2114

_____

Streambend Properties II, LLC;　　　*
Streambend Properties VIII, LLC,　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Appellants,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
Ivy Tower Minneapolis, LLC; Jeffrey　*　Appeal from the United States
Laux; Gary Benson,　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　District of Minnesota.
　　　　　Appellees,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
Burnet Realty, LLC,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Defendant,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
Commonwealth Land Title Insurance　　*
Company; John Doe; Mary Rowe;　　　 *
XYZ Corp.,　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Defendants.　　　　　　　　*

_____

Submitted: December 23, 2011
　　Filed:　January 11, 2012

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Streambend Properties II, LLC and Streambend Properties VIII, LLC appeal the district court's order dismissing their civil action for failure to state a claim. The court concluded that plaintiffs failed to sufficiently plead the interstate-commerce element of the claims brought under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq. After careful de novo review, see Owen v. Gen. Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008), we find that paragraphs 46 and 47 of the complaint sufficiently pleaded this element. See Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). The complaint alleges that the defendants "made use . . . of the mails" and made false representations "by . . . letters." Given that Rule 8(a)(2) requires only "a short and plain statement of the claim," and that "[s]pecific facts are not necessary," Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), these statements were sufficient to allege "use . . . of the mails" as required by 15 U.S.C. § 1703(a). Accordingly, we reverse the dismissal of the Interstate Land Sales Full Disclosure Act claims in Counts 1 and 2 of the complaint, and we remand to the district court for further proceedings.

_____