# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1293

_____

Streambend Properties II, LLC; Streambend Properties VIII, LLC

*Plaintiffs - Appellants*

v.

Ivy Tower Minneapolis, LLC; Ivy Tower Development, LLC; Moody Group, LLC; Goben Enterprises, LP; Wischermann Holdings, LLC; Jeffrey Laux; Gary Benson; Burnet Realty, LLC; Commonwealth Land Title Insurance Company; John Doe; Mary Rowe; XYZ, Corp.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: November 14, 2017
Filed: November 16, 2017
[Unpublished]

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

We have seen this case thrice before. First, we held Streambend Properties II, LLC and Streambend Properties VIII, LLC (collectively, Streambend) had alleged

enough of a connection with interstate commerce to go forward with claims against various parties involved in the development of a residential condominium where Streambend had sought to buy units. See Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC, 451 Fed. Appx. 627 (8th Cir. 2012) (unpublished per curiam). Second, we affirmed the subsequent dismissal of some of those claims and the grant of summary judgment to the defendants on the rest. See Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC, 781 F.3d 1003 (8th Cir. 2015). Third, in an unreported order, we summarily affirmed after the district court denied a motion by Streambend's beneficial owner, Jerald Hammann, to join the case or take Streambend's place as plaintiff. In the second and third appeals, we also denied additional motions originally filed in this court seeking to add Hammann to this litigation.

Now, Streambend appeals from the denial of its motion for relief from the judgment, see Fed. R. Civ. P. 60(b)(6), and a renewed motion for substitution of parties, see Fed. R. Civ. P. 25(c). We agree with the district court[1] that these motions represent improper attempts to relitigate issues already decided. See SDDS, Inc. v. South Dakota (In re SDDS, Inc.), 225 F.3d 970, 972 (8th Cir. 2000); see also Maxfield v. Cintas Corp., No. 2, 487 F.3d 1132, 1134-35 (8th Cir. 2007) (law-of-the-case and prior-panel doctrines). Streambend's challenge to our precedent forbidding the use of Rule 60 motions for such collateral attacks would be unavailing even if we found it persuasive, because we cannot overrule another panel of this court. See Maxfield, 487 F.3d at 1135.

Further, we see no reversible error in the district court's implicit refusal to grant Streambend leave to amend the complaint or conduct limited discovery, as Streambend requested in its briefs. Streambend did not request this alternative relief

---

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

by motion, did not cite authority supporting it, did not submit proposed amendments for review, and did not offer anything more than speculation about what it expected to discover.  Any of these would suffice to justify the district court's decision.  See Fed. R. Civ. P. 7(b)(1) (motions); United States v. Sigillito, 759 F.3d 913, 933 (8th Cir. 2014) (legal authority); Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (proposed amendments); cf. Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 895 (8th Cir. 2014) (discovery).

We affirm the denial of Streambend's motions.

_____